Nicholson, C. J.,
delivered the opinion of the Court.
The city of Memphis took possession of and ap-' propriated the real estate of defendants to the public use, in the extension of one of its public streets. •Commissioners were appointed, in pursuance of a pro *509 vision in the city charter, who assessed the cash value-of the land so appropriated at nine thousand one hundred and fifty dollars ($9,150). They also reported that the residue of the real estate of defendants was increased in value twenty-one hundred dollars ($2,100) by the extension of the street. Upon appeal to the-1st Circuit Court the question submitted to the court, was, whether the twenty-one hundred dollars ($2,100), the enhanced value of the remaining portions of defendant’s land, should be deducted from the nine thousand one hundred and fifty dollars ($9,150), the cash value of the land appropriated, in determining the-“just compensation” to which defendants were entitled under the Constitution for the appropriation of their land to the public use.
The Circuit Judge held that defendants were entitled to the whole cash value of the property appropriated, viz.: $9,150, and gave judgment accordingly. The rule laid down in the case of Woodfolk v. The Nashville & Chattanooga Railroad Co., 2 Swan, 437, was this: “ The fair cash value of the land taken for public use, if the owner were willing to sell, and the company desired to buy that particular quantity, at that place and in that form, would be the measure of compensation.” To which is added: “ From this definition of the nature of the transaction, it will follow that there can be nothing added ' to the price on account of the unwillingness of the owner to part with his land, or to have the improvements there, or because he may have to build fences and walls, or be put to inconvenience in getting to his out build-. *510 ings, or have them to remove, or such like inconveniences. These considerations are not to enter into the estimate of the jury to enhance the price; but, on the other side, the value is not to be reduced by the consideration that the improvement ' about to be made will, be advantageous to the owner in the amelioration and enhanced value of his remaining land, the increased facility in trade or travel it will afford bim, or the location of a depot or town on his land.”
When the value of the land appropriated has been thus ascertained, that value, when paid, constitutes the just compensation to which the owner is entitled by the Constitution. But the Legislature may make proper regulations for an account or estimate of incidental “loss or damage,” or injuries to the land owner. 'These may consist of the necessity created of building new fences, removing buildings, etc. And against this may be set off the benefits . and advantages to the owner in the enhancement of the value of his remaining land of the same or any adjoining tract— bis increased facilities of travel,”, etc.
The rule is applicable as well to a municipal corporation, when it takes private property for public use, as to the State. Although the rules laid down in the case referred to have not been adopted and followed in some of the ' other States, they have been pursued uniformly in this State, and we are aware of no good reason for departing from them at present.
The Circuit Judge followed the rule as indicated, and we affirm his judgment.